DECISION.
{¶ 1} Plaintiff-Appellant Johnnie Glenn slipped and fell on a patch of what appeared to be grease or oil in defendant-appellee Wal-Mart's parking lot. The trial court granted summary judgment against Glenn. We affirm.
 {¶ 2} The trial court held that there was no genuine issue of material fact. Glenn could not demonstrate either that the substance was placed there by Wal-Mart, or that Wal-Mart had actual or constructive knowledge of the hazard. The oil could have come from a passing vehicle that had stopped to pick up a passenger a few minutes before. Or not. But it was Glenn's burden to prove, and she could not.
 {¶ 3} In a well-written brief, Glenn relies on McClorey v.Hamilton Cty. Bd. of Elections,[1] which held that the occupier of premises "had a duty to inspect and warn invitees of dangers in the entranceway to the building." Strangely, Wal-Mart makes no attempt to distinguish that case — it is not even mentioned in its brief. While McClorey provides for a heightened duty of care for business invitors to police an entranceway, Glenn fell in the parking area, albeit about 18 inches from the curb. We do not extend McClorey to parking areas.
 {¶ 4} Additionally, Wal-Mart has moved, under App.R. 23, for sanctions against Glenn for filing a frivolous appeal. We decline to consider the appeal frivolous. Though we are somewhat inclined to hold the motion for sanctions to be frivolous, we decline that also.
 {¶ 5} We affirm the trial court's grant of summary judgment and overrule Wal-Mart's motion for sanctions.
Judgment affirmed.
Gorman, P.J., and Winkler, J., concur.
[1] (1994), 130 Ohio App.3d 621, 720 N.E.2d 954.